UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Morteza Katebian,

    Plaintiff,

v.                                       Case No. 18-13379

Arash Missaghi, *et. al.*,         Sean F. Cox
                                            United States District Court Judge

    Defendant.
_____/

## <u>OPINION AND ORDER DENYING SOUTHFIELD VACANT LAND, LLC'S MOTION TO INTERVENE (ECF No. 47)</u>

To protect its mortgage on vacant land, a lender moves to intervene in this shareholder dispute. Plaintiff and Defendants oppose the lender's intervention.

Because the lender seeks to intervene solely to protect its own contingent claim on Defendants' alleged asset, it lacks the substantial legal interest required for intervention as of right. Moreover, any interest that it does have will be adequately represented by the Defendants. And, because the motion was untimely and the circumstances do not support permissive intervention, that request also fails. Accordingly, the Court will deny the motion to intervene.

**BACKGROUND**

Plaintiff Morteza Katebian alleges that Defendants Arash Missaghi, Laila Alizadeh, and Troy Wilson (the "Individual Defendants") forged documents that purported to transfer his total ownership interest in Defendant Liberty & York to Alizadeh. In this lawsuit, Plaintiff seeks a

1

declaratory ruling on whether he or Alizadeh owns Liberty & York, and alleges counts for common law conversion, statutory conversion, and civil conspiracy.[1] In short, Plaintiff and Defendants are fighting over who actually owns Liberty & York and whether the Individual Defendants stole, and conspired to steal, Plaintiff's ownership interest.

Liberty & York sits atop a somewhat complicated corporate structure. It is the sole shareholder of Skymark Properties Corporation, which in turn is the sole member of a series of limited liability companies including Skymark Properties II, LLC. ("Skymark II"). When the Individual Defendants controlled Liberty & York and its subsidiaries, Skymark II conveyed vacant land in Southfield, Michigan ("the Southfield Property") to Skymark Properties Vacant Land, LLC ("Skymark Vacant Land").[2] The next day, Skymark Vacant Land granted a mortgage on the Southfield property to another non-Libery-&-York company, Southfield Vacant Land, LLC ("Intervenor"). This mortgage secured a $1,000,000 loan from Intervenor to Skymark Vacant Land,.

Because Plaintiff contends that he—not the Individual Defendants that approved the conveyance—is the rightful owner of Liberty & York and its subsidiaries, he filed a quiet-title action against Intervenor in Oakland County Circuit Court, seeking to invalidate this allegedly unauthorized conveyance and mortgage. Plaintiff filed the state lawsuit on January 2, 2019, roughly two months after he filed this federal lawsuit against the Defendants. The state case was assigned to the Honorable Martha D. Anderson.

With his state court complaint, Plaintiff also filed a motion to enjoin Intervenor from

---

[1] The Court previously dismissed Katebian's tortious interference claim. (ECF No. 31); *Katebian v. Missaghi*, *et. al.,*, 2019 WL 1515411 (E.D. Mich. April 8, 2019).

[2] Despite the similar names, counsel for Defendants represents that Skymark Properties Vacant Land, LLC, is not affiliated with Liberty & York or the other Skymark companies.

foreclosing on the mortgage, which by that time was in default. The state court granted that motion and stayed the foreclosure for thirty days. Ultimately, the parties in the state court case stipulated to the entry of an order staying the foreclosure until Judge Anderson ruled on the Intervenor's motion for summary disposition.

Intervenor represents that, on April 22, 2019, the state court held a status conference, at which the parties and the court agreed to three things: (1) Intervenor would file a motion for summary disposition; (2) Plaintiff would file a motion to stay the state case until this Court disposed of the federal case; and (3) the court would hear both motions at the same time.

On April 26, 2019, Intervenor filed its motion for summary disposition, arguing that Plaintiff did not have personal standing to bring the quiet-title claim. Plaintiff responded, arguing that, until this Court decides who owns Liberty & York, the validity of the mortgage cannot be decided by the state court. Plaintiff also filed his motion to stay the state court proceedings until this Court's decision.

The state court scheduled a hearing on Plaintiff's motion to stay but not Intervenor's motion for summary disposition. Intervenor represents that, as the hearing approached, Plaintiff agreed to withdraw the motion to stay because the court had not scheduled a simultaneous hearing for the motion for summary disposition. Intervenor represents that, because Plaintiff agreed to withdraw the stay motion, the state court cancelled the scheduled hearing and Intervenor did not file a response. "Despite this, on July 10, 2019, the [state] court entered its order granting the stay motion." (ECF No. 47, PageID 937). Accordingly, the state court action appears to be stayed until this Court makes its decision. Intervenor remains enjoined from foreclosing on the Southfield Property.

3

Seemingly unhappy with the court's decision to stay the state case, Intervenor has now moved to intervene in this case. Intervenor argues that it meets the requirements for intervention of right under Fed. R. Civ. P. 24(a)(2) or, in the alternative, the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Plaintiff and Defendants oppose the motion to intervene.[3]

## ANALYSIS

Under Rule 24, there are two avenues by which a non-party can intervene in a pending case: Intervention of Right and Permissive Intervention. Intervenor invokes both avenues in its motion.

**I.      Intervention of Right**

Rule 24(a)(2) requires a federal court to allow an applicant to intervene when the applicant "claims an interest relating to the property or transaction which is the subjection of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [applicant]'s ability to protect its interest, unless existing parties adequately represent that interest."

The Sixth Circuit has interpreted Rule 24(a)(2) as establishing four requirements that the proposed intervenor must meet: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest. *United States v.*

---

[3]The Intervenor brought this motion solely on Rule 24 grounds. In Plaintiff's response, he argues (1) that the Court lacks jurisdiction over Intervenor's proposed third-party complaint under the *Rooker-Feldman* doctrine because of the collateral state court proceeding; (2) that the Court should abstain from hearing the Intervenor's claims under the *Colorado River* doctrine; and (3) that intervention is not warranted under Rule 24. Because, as explained below, the Rule 24 analysis is dispositive of this motion, the Court does not consider any of the alternative grounds for dismissal or abstention raised in Plaintiff's response.

*Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). The proposed intervenor "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Id*. (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). The Court will examine the second and fourth requirements because they quickly dispose of Intervenor's argument for intervention of right.[4]

### A. Substantial Legal Interest

Although the Sixth Circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right," its case law's requirement that the proposed intervenor possess "a significant legal interest in the subject matter of the litigation" is not without meaning. *Reliastar Life Ins. Co. v. MKP Investments*, 565 Fed. App'x 369, 371-372 (6th Cir. 2014). To satisfy this requirement, the proposed intervenor "must have a direct and substantial interest in the litigation, "such that it is a real party in interest in the transaction which is the subject of the proceeding." *Id*. at 372 (quoting *Grubbs*, 870 F.2d at 346 and *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005)). Notably, the Sixth Circuit has also concluded that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." *Reliastar*, 565 Fed.App'x at 372 (collecting cases).

The Court finds *Reliastar* to be particularly instructive on the issue of whether Intervenor has a substantial legal interest in this litigation. In that case, insurers sought declaratory judgments to the effect that a certain "key-man" life insurance policies issued to an investment company were

---

[4]The Court also finds that the motion is untimely for the reasons outlined in Section II.A. of this Opinion and Order.

void *ab initio* because they there fraudulently procured. *Id*. at 370. In separate civil actions, two banks were pursuing remedies against the company for its conduct in fraudulently obtaining loans. *Id*. at 371. Because the life insurance policies were the company's only remaining assets, the banks moved to intervene in the insurers' lawsuit. "In the banks' view, their participation in the defense against the insurers' actions was necessary to protect their interests in [the company's] receipt of the proceeds because if the insurers' actions were successful, any judgment that the banks had obtained or could obtain against [the company] would be worthless." *Id*.

The district court denied the banks's motion to intervene, "holding that they had failed to demonstrate a substantial legal interest in the subject matter of the insurers' declaratory judgment actions, that any residual interest of the bank in the action was adequately represented by [the company's] participation in the lawsuits, and that the banks had failed to assert a common question of law or fact that would support permissive intervention." *Id*. The banks appealed.

The Sixth Circuit affirmed, concluding that the banks were merely trying to "protect [their] own future economic interests by warding off the insurers' challenge to the value of [the company's] pool of assets." *Id*. at 372. This position, the Court noted, was contrary to the prevailing interpretation of Rule 24(a)(2) by circuit courts, which have "generally concluded that a party may not intervene in support of a defendant solely to protect judgment funds that the party wishes to recover itself." *Id*. (quoting *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013)). To allow such an expansive application of Rule 24(a)(2) would be to extend a right of intervention to "anyone who might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit." *Id*. (quotations omitted).

*Reliastar* is directly analogous to the present case. Intervenor's sole interest in intervening

in this case is to protect its own future economic interests by defending the Defendants against Plaintiff's allegations of fraud. If the Court rules in Defendant's favor, it is more likely that Intervenor's mortgage is valid and that it may foreclose on the Southfield Property. If the Court rules in Plaintiff's favor, the validity of Intervenor's mortgage is thrown into doubt, and it is unclear whether Intervenor could recoup anything of value from the Southfield Property transaction. Accordingly, this case falls squarely within the Sixth Circuit's conclusion that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." *Id.* at 372. Thus, Intervenor lacks a substantial legal interest in the subject matter of this litigation, and may not intervene of right under Rule 24(a)(2) .

### B. Adequacy of Representation by the Parties

Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit. *Michigan*, 424 F.3d at 443. This burden has been described as minimal because it need only be shown "that there is a potential for inadequate representation." *Id.* (citing *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 199). Nevertheless, applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit. *Id.* (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987)).

Here, Intervenor baldly asserts that "[t]here is no party before this Court that can, or will adequately protect [its] interest in the Mortgage," and that it has "clearly" met this requirement. (ECF No. 47, PageID 945-946). Far from this requirement being clearly met, the opposite is true. If allowed in, Intervenor's ultimate objective in this case would be for the Court to rule in

Defendants' favor, which could help ensure the validity of Intervenor's mortgage. Presumably, Defendants—like every litigant that appears before the Court—would also like the Court to rule in their favor. Thus, there is a presumption that Defendants adequately represent Intervenor's interest because they share the same ultimate objective. Intervenor has not rebutted this presumption and, accordingly, has not met this requirement. Intervenor's failure to meet this requirements serves as another basis to conclude that it may not intervene of right under Rule 24(a)(2).

## II. Permissive Intervention

Rule 24(b)(1)(B) allows a federal court to permit an applicant to intervene if that applicant "has a claim or defense that shares with the main action a common question of law or fact." The Sixth Circuit has set out the framework for a district court to use when evaluating a motion for permissive intervention:

> To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir.1997). Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed. *Id.*

*Michigan*, 424 F.3d at 445.

### A. Timeliness

When considering whether a motion to intervene is timely, the Court should consider all the circumstances, including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

8

*Bay Mills Indian Community v. Snyder*, 720 Fed.App'x 754, 758 (6th Cir. 2018) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

These factors weigh in favor of a finding of untimeliness. Intervenor filed its motion on August 9, 2019—two months into the five-month discovery period.[5] This case has been pending for more than a year, a scheduling order has been entered, and dispositive motions are due in less than a month. The Court has already adjudicated a motion to dismiss, and the parties have filed their witness lists and numerous discovery motions. Considering the point at which Intervener filed its motion and the current status of the litigation, the first factor weighs against intervention. *See Blount-Hill v. Zelman*, 636 F.3d 278, 285 (6th Cir. 2011) ("These events, coupled with the passage of time, weigh against proposed intervenors."); *Cf. League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 579 (6th Cir. 2018) (concluding that the district court abused it discretion by denying permissive intervention when no scheduling order had been entered, discovery had not begun, and the district court had not ruled on a motion to dismiss).

Intervenor's purpose for intervention in this case is to protect its mortgage on the Southfield property by advocating against Plaintiff's claims of fraud. As explained above, this purpose is not recognized as a basis for intervention in the Sixth Circuit. The second factor weighs against intervention.

Intervenor admits that it became aware of this case in early January 2019. (ECF No. 47, PageID 941-942). It took no action, however, because Defendants had filed a motion to dismiss. Intervenor reasoned that "[i]f the Court granted the motion, the Oakland County Lawsuit would be dismissed because the issue of the validity of the conveyance of the Property and the granting of the

---

[5]Discovery closed on October 28, 2019.

9

Mortgage would have been determined in favor of Defendants and, ultimately, [Intervenor]." (ECF No. 47, PageID 942). Adopting such a "wait-and-see" approach "plainly makes [Intervenor's] motion untimely." *Blount-Hill*, 636 F.3d at 286; *see also Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 & n.3 (6th Cir. 1982). Moreover, even after the Court issued its Opinion on the motion to dismiss, Intervenor waited more than four months to file its motion to intervene. Intervenor appears to have only filed its motion after it became dissatisfied with how the state court managed its docket. Accordingly, the third factor weighs against intervention.

The addition of Intervenor would likely prejudice the parties, who have been actively litigating this action for more than a year, and preparing for the ultimate resolution of this case. Even if Intervenor did not cause any delays (which is unlikely), Plaintiff would be put in the position to defend against last-minute arguments on a new front. Thus, the fourth factor weighs against intervention.

In sum, the Court concludes that Intervenor's motion is untimely.[6]

### C. Other Relevant Factors

Even if Intervenor's motion was timely, the Court concludes that, based on undue delay, prejudice to the parties, and other relevant factors, the Court would exercise its discretion to deny the motion to the extent it seeks permissive intervention. As explained above, Intervenor's "wait-and-see" approach caused undue delay, and the parties (particularly Plaintiff) would be prejudiced by its addition at this point. Moreover, Intervenor lacks a substantial legal interest in the subject matter of this litigation, and any interest that it does have is adequately represented by the

---

[6]This conclusion is also another reason that Intervenor is not entitled to intervention of right. *See Michigan*, 424 F.3d 438 at 443 (outlining the requirements for intervention of right).

Defendants. *See Bay Mills*, 720 Fed.App'x at 759 (stating that district courts can consider the requirements of intervention of right when evaluating whether permissive intervention is appropriate under the circumstances). Accordingly, permissive intervention is not appropriate here.

## CONCLUSION

For these reasons, the Court **DENIES** Southfield Vacant Land, LLC's motion to intervene.

**IT IS SO ORDERED.**

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: November 21, 2019